UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GLENN GALVAN, | ) | 3:13-cv-00234-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re: Plaintiff's "Default" |
| NATIONSTAR MORTGAGE, et al., | ) | Doc. # 39 |
| Defendants. | ) | |

Before the court is Plaintiff Galvan's "Default." (Doc. # 39.)[1] Plaintiff seeks an entry of Default as against Defendants Quality Loan Services and McCarthy & Holthus for "fail[ing] to plead or otherwise defend" this action. (*Id.*) However, the docket reflects that on July 16, 2013, these Defendants filed a Joinder in the Motion to Dismiss of Defendant Nationstar Mortgage, LLC. Thus, it is apparent that the Defendants against whom Plaintiff seeks a clerk's entry of default have evidenced an intention to plead and defend this action.

Also, although it was filed the day after Plaintiff's "Default," Defendants have also filed an answer. (Doc. # 43.) While not an answer in the traditional sense (because it merely references the Defendants' joinder in the motion to dismiss), it nevertheless further evidences an intent by Defendants to defend this action. *Peters v. Astra Zeneca LP*, 224 Fed. Appx. 503, 506 (7th Cir. 2007).

The concept of appearing and defending is broadly construed. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 129-30 (2nd Cir. 2011). Defaults are disfavored and doubts are to be resolved in the purportedly defaulting party's favor. *Pacific M. Int'l Corp. v. Raman Int'l Gems, Ltd.*,

---

[1] Refers to court's docket number.

888 F.Supp.2d 385, 393 (S.D. N.Y. 2012).

Therefore, Plaintiff's request for clerk's entry of default against Defendants Quality Loan Services and McCarthy & Holthus (Doc. # 39) is **DENIED.**

**IT IS SO ORDERED.**

**DATED: January 2, 2014**

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE