UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GLENN GALVAN,

Plaintiff,

v.

NATIONSTAR MORTGAGE, et al.,

Defendants.

Case No. 3:13-cv-00234-MMD-WGC

ORDER

## I. SUMMARY

Before the Court are Defendants' Motion to Remand to State Court (dkt. no. 8) and Motion to Dismiss (dkt. no. 9). Also before the Court are Plaintiff's Motion for Leave to File [Sur]-Reply (dkt. no. 18), Motion for Leave to File Amended Complaint (dkt. no. 22), and Motion for Partial Summary Judgment (dkt. no. 44). For the reasons set forth below, Defendants' Motion to Remand is granted and Motion to Dismiss is granted. Plaintiff's Motion for Leave to File [Sur]-Reply is denied, Motion for Leave to File Amended Complaint is denied, and Motion for Partial Summary Judgment is denied as moot.

## II. BACKGROUND

Plaintiff Glenn Galvan purchased the property located at 7866 Morgan Pointe Circle, Reno, Nevada. (Dkt. no. 8-1 ¶ 1.) Mr. Galvan obtained a loan of $402,000 ("the Loan") from MILA, Inc., and executed a promissory note ("Note") that was secured by a deed of trust on the property ("Deed of Trust") for $402,000. (Dkt. no. 8-1, Ex. 1.) The Deed of Trust names MILA, Inc. as lender, First Centenial Title as trustee, and Mortgage

Electronic Registration Systems, Inc. ("MERS") as beneficiary. (*Id.*) The Deed of Trust was signed on December 5, 2005, and recorded on December 9, 2005, in the official records of Douglas County, Nevada. (*Id.*)

On April 22, 2010, an assignment of the Deed of Trust was recorded by MERS as nominee for MILA, Inc. in favor of Aurora Loan Services, LLC. (*Id.*) The Assignment was recorded in Washoe County on May 4, 2010. (*Id.*)

On October 11, 2012, Aurora Loan Services, LLC, assigned the Deed of Trust in favor of Nationstar Mortgage ("Nationstar"). (*Id.*) The Assignment was recorded in Washoe County on October 22, 2012. (*Id.*)

On November 6, 2012, Nationstar initiated a judicial foreclosure action against Glenn Galvan in the Second Judicial District Court of Nevada ("Judicial Foreclosure Case"). (Dkt. no. 8-1.) On December 28, 2012, Mr. Galvan filed an Amended Answer and Counterclaims in the Judicial Foreclosure Case. (Dkt. no. 9-1.) On May 7, 2013, Mr. Galvan filed the instant case. (Dkt. no. 1.) On June 4, 2013, Mr. Galvan filed a Notice of Removal, apparently attempting to remove the Judicial Foreclosure Case into this case. (Dkt. no. 5.)

## III. MOTION TO REMAND

Defendants[1] move to remand the Judicial Foreclosure Case, which Mr. Galvan attempted to remove into the instant case (dkt. no. 5). "A case cannot be removed from state court to become part of an already existing federal case." *See Gilliam v. Austin*, No. 02-cv-1389, 2002 WL 1034115, at *4 (N.D. Cal. May 13, 2002). In a proper removal, "the notice of removal is the means of removing a case from state court to federal district court, where it is viewed as a 'new' case and is assigned a 'new' case number." *See id.* Once a case is properly removed, a party can file a notice of related case, in compliance

[1]The Motion to Remand was originally brought by just Defendants Nationstar, Aurora Loan Services, Deutsche Bank Trust Company, and MERS, but was joined subsequently by Defendants Quality Loan Service Corporation and McCarthy & Holthus. (Dkt. no. 10.)

with Nevada Local Rule 7-2.1, and the Court can determine whether consolidation is appropriate.[2]

The Court finds that the Judicial Foreclosure Case is not properly before this Court and remands it to the Second Judicial District Court of Nevada.

## IV. MOTION TO DISMISS

### A. Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows defendants to seek dismissal of a claim or action for a lack of subject matter jurisdiction. Dismissal under Rule 12(b)(1) is appropriate if the complaint, considered in its entirety, fails to allege facts on its face that are sufficient to establish subject matter jurisdiction. *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation*, 546 F.3d 981, 984–85 (9th Cir. 2008). Although the defendant is the moving party in a motion to dismiss brought under Rule 12(b)(1), the plaintiff is the party invoking the court's jurisdiction. As a result, the plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). Thus, federal subject matter jurisdiction must exist at the time an action is commenced. *Mallard Auto. Grp., Ltd. v. United States*, 343 F. Supp. 2d 949, 952 (D. Nev. 2004).

///

///

---

[2]The Court notes that had Plaintiff removed the case properly as a separate action, the removal would have violated 28 U.S.C. § 1441(b)(2) although the violation would have been procedural and subject to waiver. *See Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933 (9th Cir. 2006) (finding that removal in violation of the forum defendant rule constitutes a procedural, not jurisdictional defect).

**B.     Discussion**

Defendants[3] argue that Plaintiff's federal case should be dismissed for lack of subject matter jurisdiction for three reasons: (1) Plaintiff's claims can only be brought as compulsory counterclaims in the Judicial Foreclosure Case; (2) the instant case is subject to dismissal under the *Colorado River* doctrine; and (3) the instant case is subject to dismissal under the prior exclusive jurisdiction doctrine. (*See* dkt. no. 9 at 2-3.)

The Court agrees with Defendants that Plaintiff's claims can only be brought as compulsory counterclaims in the Judicial Foreclosure Case, therefore it need not reach Defendants' remaining arguments. In the instant action, Mr. Galvan brings fourteen claims: (1) Nationstar lacks standing to foreclose; (2) violations of the Home Owners Equity Protections Act ("HOEPA"); (3) claims related to pooling and servicing agreements; (4) violations of the Real Estate Settlement Procedure Act ("RESPA"), unclean hands, duress, fraud in inducement, unconscionability, and violation of Nevada Deceptive Trade Practices Act; (5) fraudulent misrepresentation; (6) breach of fiduciary duty; (7) unjust enrichment; (8) civil conspiracy; (9) civil RICO violations; (10) breach of security instrument; (11) usury and fraud; (12) foreclosure fraud; (13) quiet title;  and (14) violations of the Fair Credit Reporting Act ("FCRA"). Nationstar's Complaint in the Judicial Foreclosure Case brings claims for judicial foreclosure and deficiency of judgment. (*See* dkt. no. 8-1.) Mr. Galvan's counterclaims in the Judicial Foreclosure Case include more than half of the fourteen claims in Mr. Galvan's Complaint. (*See* dkt. no. 9-1.)

Each of the claims brought in the instant action are compulsory counterclaims in the Judicial Foreclosure Case. According to Nevada Rule of Civil Procedure 13(a):

> A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, **if it**

---

[3]The Motion to Dismiss was originally brought by just Defendants Nationstar, Aurora Loan Services, Deutsche Bank Trust Company, and MERS, but was joined subsequently by Defendants Quality Loan Service Corporation and McCarthy & Holthus. (Dkt. no. 11.)

> **arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction**. But the pleader need not state the claim if (1) at the time the action was commenced the claim was the subject of another pending action, or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 13. (Emphasis added.)

Each claim in the instant action arises from the same transaction that is the subject of the Judicial Foreclosure Case, i.e. the origination, servicing, and enforcement of Plaintiff's mortgage loan, and no claim requires for its adjudication the presence of third parties of whom the Court cannot acquire jurisdiction. Additionally, Plaintiff has made no showing that his claims were not ripe for consideration at the time the Judicial Foreclosure Case originated, nor does such a possibility appear likely given the nature of Plaintiff's claims.[4] Because the conditions under Nevada Rule of Civil Procedure 13(a) are met, and are not subject to the rule's exceptions, each claim brought in the instant case is a compulsory counterclaim in the Judicial Foreclosure case. Plaintiff is precluded by res judicata from bringing suit upon a compulsory counterclaim. *See Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967) ("Under Rule 13(a)[5] a party who fails to plead a compulsory claim against an opposing party is held to have waived such claim and is precluded by res judicata from bringing suit upon it again."); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (finding that the doctrine of res judicata bars "all grounds for recovery which could have been asserted, *whether they were or not*, in a prior suit between the same parties . . . on the same cause of action") (citation omitted).

///

---

[4]While Plaintiff has the burden of establishing jurisdiction, "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

[5]Federal Rule of Civil Procedure 13(a), referenced here by the Ninth Circuit, is substantively identical to Nevada Rule of Civil Procedure 13(a). *See MacDonald v. Krause*, 362 P.2d 724, 725 n.1 (Nev. 1961).

In sum, Plaintiff's claims all arise out of the same transaction or occurrence that is the subject matter of the Judicial Foreclosure Action and must be brought as counterclaims in that action. Indeed, Plaintiff has asserted some of the same claims here as counterclaims in the Judicial Foreclosure Action. As Plaintiff's claims are barred by res judicata, this Court lacks jurisdiction over them. Defendants' Motion to Dismiss is therefore granted with prejudice.

**V. MOTION FOR LEAVE TO FILE SURREPLY**

Local Rule 7-2 allows a motion, a response and a reply. *See* L.R. 7-2(a)–(c). No provision exists for filing a sur-reply. Thus, a party must obtain leave from the Court before filing a sur-reply. "A sur-reply may only be filed by leave of court, *and only to address new matters raised in a reply to which a party would otherwise be unable to respond*." *Kanvick v. City of Reno*, No. 3:06-CV-00058, 2008 WL 873085, at *1, n.1 (D. Nev. March 27, 2008) (emphasis in original). Further, sur-replies "are highly disfavored, as they usually are a strategic effort by the nonmovant to have the last word on a matter." *Lacher v. W.*, 147 F. Supp. 2d 538, 539 (N.D. Tex. 2001).

Plaintiff seeks to file sur-replies to both Defendants' Motion to Remand and Motion to Dismiss. (Dkt. no. 18.) Defendants did not raise new matters in their replies in support of either motion, a fact which Plaintiff does not dispute. Additionally, Plaintiff did not attach proposed sur-replies to his motion. The Court therefore denies Plaintiff's motion.

**VI. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Although leave to amend a complaint is liberally granted under Fed. R. Civ. P. 15, "leave to amend need not be granted if the proposed amended complaint would subject to dismissal." *Bellanger v. Health Plan of Nev., Inc.*, 814 F. Supp. 914, 916 (D. Nev. 1992) (*citing United Union of Roofers, Waterproofers, and Allied Trades No. 40 v. Insurance Corp. of Am.*, 919 F.2d 1398 (9th Cir.1990); *see also Johnson v. Am. Airlines*, 834 F.2d 721 (9th Cir. 1987) (stating that "courts have discretion to deny leave to amend

///

a complaint for 'futility', and futility includes the inevitability of a claim's defeat on summary judgment.")

Plaintiff states in his Motion for Leave to Amend that his proposed amended complaint "does not fundamentally change the 14 Causes of Action" and that it "merely updates the parties and corrects some typographical errors and language." (Dkt. no. 22 at 3.) As a result, Plaintiff's proposed amended complaint would not correct any of the deficiencies identified in Defendants' Motion to Dismiss. Plaintiff's Motion for Leave to Amend is therefore denied for futility.

## VII. MOTION FOR SUMMARY JUDGMENT

As the Court dismisses Plaintiff's claims, Plaintiff's Motion for Partial Summary Judgment (dkt. no. 44) is denied as moot.

## VIII. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

It is therefore ordered that Defendants' Motion to Remand (dkt. no. 8) is granted. Second Judicial District Court case no. CV 12-02785 is remanded to that court.

It is further ordered that Defendants' Motion to Dismiss (dkt. no. 9) is granted with prejudice.

It is further ordered that Plaintiff's Motion for Leave to File [Sur]-Reply (dkt. no. 18) is denied.

It is further ordered that Plaintiff's Motion for Leave to File Amended Complaint (dkt. no. 22) is denied.

///

///

///

///

It is further ordered that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 44) is denied as moot.

DATED THIS 18th day of February 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE