UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GLENN GALVAN,<br><br>                              Plaintiff,<br>    v.<br><br>NATIONSTAR MORTGAGE, et al.,<br><br>                              Defendants. | Case No. 3:13-cv-00234-MMD-WGC<br><br>ORDER |

## I.  INTRODUCTION

Before the Court is Plaintiff's Motion for Relief and Amend of Judgment and Order, and Motion for New Trial ("Motion"). (Dkt. no. 54.) For the reasons discussed below, the Motion is denied.

The relevant background facts are recited in the Court's Order from which Plaintiff seeks relief. (Dkt. no. 51.) In that Order, the Court found that it lacks subject matter jurisdiction over this action because Plaintiff's claims are compulsory counterclaims in the Judicial Foreclosure Case[1] and are barred by res judicata.

Plaintiff seeks relief from the Order pursuant to Fed. R. Civ. P. 60(a), (b)(1), (3), and (6), and Fed. R. Civ. P. 59(a)-(e). Plaintiff cites to Rule 60(a), but does not appear to

---

[1] For ease of reference, the Judicial Foreclosure Case refers to a judicial foreclosure action that Defendant Nationstar Mortgage initiated against Plaintiff in the Second Judicial District Court of Nevada. Plaintiff filed an Amended Answer and Counterclaims in the Judicial Foreclosure Case. (Dkt. no. 9-1.) Several months later, on May 7, 2013, Mr. Galvan filed this action. (Dkt. no. 1.)

1  contend that the Court made the type of mistake that the rule covers.[2] Plaintiff also cites
2  to Rule 59(a), (b), (c), and (d), all of which govern a new trial. However, relief relating to
3  a new trial is not available because this case was not tried before a jury or judge. The
4  Court will therefore address Plaintiff's request under Rule 60(b) and Rule 59(e).

## II.  LEGAL STANDARD

The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)) (internal quotation marks omitted).

Under Rule 60(b), a court may relieve a party from a final judgment, order, or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from the judgment. *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985). "Relief under Rule 60(b)(6) . . . is available only under extraordinary circumstances." *Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981) (citation omitted). A motion for reconsideration must set forth (1) some valid reason why the court should revisit its prior order; and (2) facts or law of a "strongly convincing nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is properly denied when the movant fails to establish any reason justifying relief. *See Backlund*, 778 F.2d at 1388 (holding that a district court properly denied a motion for reconsideration in which the plaintiff presented no arguments that were not already raised in his original motion).

---

[2]Rule 60(a) governs corrections based upon a clerical mistake or mistake arising from an oversight or omission.

2

## III. DISCUSSION

Plaintiff raises several arguments in his Motion and reply brief to seek relief under Rules 59(e) and 60(b). Two of the arguments relate to the standard for review and dismissal of a pro se litigant's complaint. Plaintiff contends that as a pro se litigant, he is entitled to notice of the deficiencies in his Complaint so he may amend them. He also argues that the Court did not evaluate his claims based on the standard for dismissal announced in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). First and foremost, the Court did review Plaintiff's Complaint under a more liberal pleading standard. (Dkt. no. 51 at 5 n.4.) The Court's decision, however, was not based on any deficiencies in the Complaint that Plaintiff could have cured by amendment. Rather, the Court granted dismissal under Rule 12(b)(1) for lack of jurisdiction. The *Iqbal* standard governs dismissal under Rule 12(b)(6) for failure to state a claim.

Plaintiff next argues that the Court erred by not informing him of LR 7.2's requirements in its October 22, 2013, Order granting his application to proceed in forma pauperis. Plaintiff states that he would have complied with those requirements if he had been aware of them. While the Court must construe Plaintiff's pleadings liberally, Plaintiff, like other pro se litigants, is bound by the rules of procedure and must be familiar with them. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). More importantly, the Court did not dismiss this case for failure to file a notice of related cases. The fact that Plaintiff did not comply with LR 7.2 had no impact on the Court's Order.

Plaintiff contends that Defendant made several misrepresentations that he planned to raise in a sur-reply, but the Court denied his motion to file a sur-reply. The alleged misrepresentations involve Defendant's mischaracterization of the Judicial Foreclosure Case as an in rem action or as seeking wrongful foreclosure and Defendant's erroneous claim that the Complaint was taken from the Internet. However, the Court's decision was not based on these alleged misrepresentations.

In his reply brief, Plaintiff claims that he "now asserts 'intrinsic fraud.'" (Dkt. no. 56 at 1.) Plaintiff contends that after inspecting the relevant documents once again, "[i]t was

newly discovered that the Deed of Trust assignment by Aurora Loan Services was alleged to be fraudulent, thus defective, as the deed of trust was signed by alleged unauthorized personnel." (*Id.*) Based on this evidence, Plaintiff contends "that there is a broken chain of assignments on the Deed of Trust on the 'subject property.'" (*Id.*) Even setting aside that Plaintiff improperly raises this argument for the first time in his reply, Plaintiff's claim still relates to the subject of the Judicial Foreclosure Case, i.e., the origination, servicing, and enforcement of Plaintiff's mortgage loan.

As the Court explained in the Order, federal courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The Court dismissed Plaintiff's claim for lack of jurisdiction; the Order did not address any deficiencies that may be cured by amendment or the merits of Plaintiff's claims. Regardless of what Plaintiff alleges, if his claims arise out of the same transaction or occurrence as the subject of the Judicial Foreclosure Case, and if their adjudication does not require the presence of third parties of whom the Court cannot acquire jurisdiction, they amount to compulsory counterclaims under Nevada Rule of Civil Procedure 13(a). Plaintiff is precluded by res judicata from bringing suit upon a compulsory counterclaim because these claims must be raised in the initial action, i.e., the Judicial Foreclosure Action. *See Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967) ("Under Rule 13(a) a party who fails to plead a compulsory claim against an opposing party is held to have waived such claim and is precluded by res judicata from bringing suit upon it again.");[3] *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir. 1982) (finding that the doctrine of res judicata bars "'all grounds for recovery which could have been asserted, *whether they were or not*, in a prior suit between the same parties . . . on the same cause of action'" (emphasis added) (*quoting Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 457 (9th Cir. 1980))).

---

[3]Fed. R. Civ. P. 13(a), referenced here by the Ninth Circuit, is substantively identical to Nevada Rule of Civil Procedure 13(a). *See MacDonald v. Krause*, 362 P.2d 724, 725 n.1, 727 (Nev. 1961).

## IV. CONCLUSION

It is therefore ordered that Plaintiff's Motion for Relief and Amend of Judgment and Order, and Motion for New Trial ("Motion") (dkt. no. 54) is denied.

DATED THIS 29th day of August 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE